IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KELLI BARGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-02035 |
| | ) |
| O'MALLEY'S INC., and | ) |
| | ) |
| MICHAEL TROUTE, and | ) |
| | ) |
| WILLIAM PORTER. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1.  Plaintiff brings this suit for damages pursuant to Kansas common law against Defendants for their negligent and wanton operation of the bar and premises commonly known as O'Malley's in Manhattan, Kansas.

2.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that the parties are diverse and the amount in controversy exceeds $75,000.

3.  Plaintiff resides in and is a citizen of Texas.

4.  O'Malley's Inc., is a Kansas Corporation whose registered agent at one point had been Michael Troute, and whose registered office is 2710 Butterfield Road, Manhattan, Kansas, 66502, but whose current registered agent is now William Porter, whose registered office is at 3708 Crossgate Circle, Manhattan, Kansas 66503.

5.  Defendant Troute is a Kansas resident, an innkeeper and proprietor, and an officer of O'Malley's, Inc.

1

6. Defendant Porter is a Kansas resident, an innkeeper and proprietor, and an officer of O'Malley's, Inc.

7. Upon information and belief, Defendants Troute and Porter failed to file necessary corporate documents for O'Malley's, Inc., undercapitalized O'Malley's, Inc., did not observe corporate formalities, did not pay dividends, did not have other directors and officers, did not have corporate records, and used the O'Malley's, Inc., entity as a façade for their personal operations, and therefore the O'Malley's, Inc., entity merely served as an instrumentality to conduct their own personal business, and should be disregarded.

## BACKGROUND ALLEGATIONS

8. In February of 2018, in the early morning hours of a weekend night, Plaintiff was a patron and customer at bar commonly known as "O'Malley's" in Manhattan, Kansas, that was owned and operated by Defendants.

9. That night O'Malley's was filled to over-capacity.

10. The bartenders had been drinking alcohol.

11. The security cameras were not operational.

12. The lock on the bathroom door was not functioning.

13. There was no effective or reasonable security staffing.

14. Defendants had no security or safety or contingency response plan in place.

15. No employees at O'Malley's had received training on managing crowds or maintaining patron safety.

16. The bathroom door at issue is located about 20 feet directly across from the bar.

17. When the bar is near, at or over capacity, the bartenders' view of the bathroom door is obstructed.

18. At the bar, Plaintiff had consumed half of one drink and was waiting for a friend to get off work.

19. She stepped into the bathroom and engaged a lock, which lead her to believe the door had been secured.

20. While she used the restroom, two men opened the door and turned the lights off. She stood up in surprise. One of the men pinned her face-first against the wall, and the other proceeded to rape her.

21. One of the assailants was a white male with brown hair who wore a black jacket with a 2014-2015 championship patch, boots and jeans, and stood between 5'9 and 5'11.

22. The other assailant was a white male who wore a black cap backwards on his head and also stood between 5'9 and 5'11.

23. She screamed but one of the men covered her mouth.

24. She kicked back and urinated on her assailant, at which point they both left her.

25. Plaintiff contacted the police, who arrived in approximately 15 minutes and took a report from Plaintiff.

26. Defendants' employees swabbed the bathroom clean before evidence could be gathered.

27. Plaintiff went to the nearest medical facility that could perform a rape kit; the appropriate professional was not available, so police drove Plaintiff to a second medical facility, where the SANE/SART test could be performed.

28. Defendants operate O'Malley's and other drinking establishments in Manhattan, Kansas.

29. Defendants had actual knowledge that:

a. Sexual harassment can and does occur at their establishments;

b. Physical violence can and does occur at their establishments;

c. Their establishments, specifically O'Malley's, routinely fills in excess of its capacity.

d. The patrons at O'Malley's nearly universally have been consuming alcohol, and patrons regularly become intoxicated there.

e. Their establishments and O'Malley's specifically had a need for security to keep their patrons safe.

f. Their establishments and O'Malley's specifically required trained and competent supervision of their employees in or order to keep their patrons safe.

g. Their establishments and O'Malley's specifically was not staffed with any competent or trained security.

h. The bartenders and supervisors at O'Malley's would consume alcohol during their shifts.

    i. They had no security, safety or response plan for O'Malley's.

    j. Their security cameras were not functioning.

    k. The locks on the bathroom door was not functioning.

    l. The view from the bar to the bathroom was obstructed when the bar was near, at or over-capacity.

30. Defendants had actual knowledge that, given the nature of their business of serving alcohol to a large number of people in a poorly secured environment for profit, that a sexual assault upon one of their female patrons would be not only foreseeable, but inevitable.

31. Defendants knowingly and recklessly failed to take simple, inexpensive measures that would have greatly reduced or even eliminated the risk of sexual assault to Plaintiff.

32. As a direct result of Defendants' conduct, Plaintiff suffered serious physical injury, pain and suffering, devastating emotional distress, past and future medical expenses, out-of-pocket expenses, and diminished earning capacity.

## COUNT I: NEGLIGENCE – PREMISES LIABILITY

33. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

34. Plaintiff was a business invitee at O'Malley's, and therefore Defendants owed Plaintiff a higher degree of care for her safety – including an affirmative duty to protect her and warn her against any danger that might be reasonably anticipated.

35.     Defendants had reason to anticipate an assault against a female patron at O'Malley's.

36.     Defendants owed Plaintiff a duty to protect Plaintiff from an assault by another patron.

37.     Defendants owed Plaintiff a duty to protect her having undertook to render services to her which Defendants should have recognized as necessary for her protection.

38.     Defendants further owed Plaintiff a special duty to protect her having created a foreseeable peril, not readily discoverable by Plaintiff, and failed to warn her of them.

39.     Defendants could have reasonably foreseen that their O'Malley's patrons had a risk of peril beyond the ordinary, and therefore they had a duty to provide appropriate security measures.

40.     Defendants failed to exercise reasonable care to forestall or prevent the assault suffered by Plaintiff.

41.     Defendants failed to exercise reasonable care to discover that the assault was likely to occur.

42.     Defendants failed to exercise reasonable care to discover that the assault was occurring less than 20 feet from their employees.

43.     Defendants failed to exercise reasonable care to warn Plaintiff that its security cameras were not working, it had no security plan or strategy, its bartenders, supervisors and security personnel had been consuming alcohol, that their employees

could not monitor the bathroom entrances given the bar's overcapacity, and that the lock on the bathroom door did not work.

44. Defendants failed to provide Plaintiff with appropriate security.

45. Defendants' conduct was wanton and reckless.

46. As a direct result of Defendants' conduct, Plaintiff suffered serious physical injury, pain and suffering, devastating emotional distress, past and future medical expenses, out-of-pocket expenses, and diminished earning capacity.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) an award of economic and non-economic compensatory damages in excess of $75,000;

(2) an award of reasonable attorney fees to Plaintiffs and the costs of this action;

(3) that the corporate veil of O'Malley's, Inc, be pierced;

(4) such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all triable issues.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2(a), Plaintiff designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

*/s/Dan Curry*
Dan Curry, KS #22750
Sarah Brown, KS #12130
BROWN & CURRY, LLC
1600 Genessee, Suite 956
Kansas City, MO 64102
(816) 756-5458, (816) 666-9596 (fax)
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFF

*/s/ Anthony E. LaCroix*
Anthony E. LaCroix    KS No. 24279
LaCroix Law Firm, LLC
1600 Genessee, Suite 956
Kansas City, Missouri 64102
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
tony@lacroixlawkc.com
ATTORNEYS FOR PLAINTIFF