## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLI BARGE )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>O'MALLEY'S INC., et al. )<br>)<br>        Defendants. )<br>) | Case No. 2:20-CV-02035-DDC-GEB |

### DEFENDANT WILLIAM PORTER'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant William Porter, by and through undersigned counsel of record, and submits the following Memorandum in Support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and D. Kan. R. 7.1(a). In support, Defendant Porter states as follows:

**I.    INTRODUCTION**

This is a negligence action premised on Kansas state law and filed in federal court pursuant to diversity jurisdiction. (*See* Doc. 3 at ¶¶ 1-6.) Plaintiff Kelli Barge alleges she was a patron of Defendant O'Malley's Inc., a bar in Manhattan, Kansas, when she was sexually assaulted by two men in February 2018. (Doc. 3 at ¶ 22.) According to Plaintiff, the male assailants followed her into the bathroom, one of the men restrained her, and the other man raped her. (Doc. 3 at ¶ 22.)

On January 21, 2020, Plaintiff filed suit against O'Malley's Inc. as well as the individual stockholders, William Porter and Michael Troute. (*See* Doc. 1.) Upon learning of Michael Troute's death, Plaintiff amended the Complaint on March 6, 2020, in order to substitute the Estate of Michael Troute as a party. (Doc. 3 at ¶ 8.) Plaintiff brings one count of negligence for premises liability against all three Defendants. (*See* Doc. 3 at ¶¶ 35-48.)

{2567/0666: 00428238.DOCX.}                                       1

In the entire First Amended Complaint, there is only one conclusory paragraph devoted to any allegations that relate to the individual defendants, Porter and Troute. Specifically, Plaintiff alleges:

> Upon information and belief, Troute and Porter failed to file necessary corporate documents for O'Malley's, Inc., undercapitalized O'Malley's, Inc., did not observe corporate formalities, did not pay dividends, did not have other directors and officers, did not have corporate records, and used the O'Malley's, Inc., entity as a façade for their personal operations, and therefore the O'Malley's, Inc. entity merely served as an instrumentality to conduct their own personal business, and should be disregarded.

(Doc. 3 at ¶ 9.) Beyond this single paragraph, there are no additional allegations relating to the personal liability of the individual Defendants or facts demonstrating why the extraordinary remedy of piercing the corporate veil is warranted in this case. Indeed, the remainder of the Complaint relates solely to the tort alleged against Defendants. Accordingly, this paragraph fails to state a valid claim for relief against Defendant Porter in his personal capacity, as it relies on mere legal conclusions and warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT AND AUTHORITIES

### I.     Standard of Review for a Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." In adjudicating a motion to dismiss under Rule 12(b)(6), "the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief." *Wichita Destination Developers, Inc. v. Focus Hosp. Servs.*, LLC, 365 F. Supp. 3d 1172, 1174 (D. Kan. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face." *Id.* (citing *Ashcroft*, 556 U.S. at 679-80).

In reviewing a motion to dismiss, this court must look for "plausibility in the complaint." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). However, "[t]he Court need not accept as true those allegations which state only legal conclusions." *Wichita Destination Developers, Inc.*, 365 F. Supp. at 1174 (citing cases). "Plaintiff bears the burden of framing its complaint with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of causes of action accompanied by conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 556). In other words, "[a] pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand." *Id.* (citing *Iqbal*, 556 U.S. at 678).

## II. Plaintiff Barge Relies on Mere Legal Conclusions in Support of her Claim to Pierce the Corporate Veil.

Under Kansas law,[1] "power to pierce the corporate veil is to be exercised reluctantly and cautiously." *Sampson v. Hunt*, 233 Kan. 572, 579, 665 P.2d 743, 751 (1983) (citing *Amoco Chemicals Corp. v. Bach*, 222 Kan. 589, 593, 567 P.2d 1337 (1977)). "Each case involving disregard of the corporate entity must rest upon its **special facts**." *Id.* (citing 18 Am. Jur. 2d, Corporations § 15) (emphasis added). "[A] corporation and its stockholders are presumed separate and distinct." *Amoco*, 222 Kan. At 593. Courts typically do not disregard the fiction of a separate legal entity unless there is "'such domination of finances, policy, and practices that the

---

[1] "When sitting in a diversity case, the court applies the choice of law rules of the state in which the court sits." *Luc v. Krause Werk GMBH & Co.*, 289 F. Supp. 2d 1282, 1288 (D. Kan. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "In Kansas, 'the law of the state where the tort occurred—*lex loci delicti*—should apply.'" *Id.* (quoting *Ling v. Jan's Liquors*, 237 Kan. 629, 703, P.2d 731, 735 (1985) (citation omitted)). As a result, Kansas state law applies to this tort case.

controlled corporation has no separate mind, will, or existence of its own and is but a business conduit for its principal.'" *Cotracom*, 94 F. Supp. 2d at 1195. In *Amoco*, the Kansas Supreme Court considered the following factors in determining whether to disregard the corporate entity:

> (1) Undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a façade for operations of the dominant stockholder or stockholders, and (8) the use of corporate entity in promoting injustice or fraud.

*Amoco*, 222 Kan. at 589.

In the present case, Plaintiff merely alleges the legal factors courts analyze under Kansas law for piercing the corporate veil without providing sufficient factual detail. Plaintiff specifically alleges seven of the eight factors identified above without providing any facts specific to O'Malley's, Inc., or its owners. These threadbare allegations are mere legal conclusions that simply regurgitate the legal standard for veil-piercing. Such allegations do not provide adequate factual detail to warrant application of this extraordinary equitable relief and are insufficient to state a valid claim for relief. *See Shafer, Kline & Warren, Inc. v. The Allen Grp.-Kansas City, LLC*, No. 13-2472-JAR-TJJ, 2014 WL 1974525, at *3 (D. Kan. May 15, 2014) (dismissing claim for personal liability when the complaint alleged no facts "that would suggest the presence of any" of the *Amoco* factors); *see also Holzli v. DeLuca Enterprises*, No. CIV. 11-06148 JBS, 2012 WL 983693, at *3 (D.N.J. Mar. 21, 2012) (dismissing veil piercing claim where "Plaintiffs have merely pleaded the generic formula for veil piercing"); *Essex Ins. Co. v. Raymond Miles*, No. 10-3598, 2010 WL 5069871, at *3 (E.D. Pa. Dec. 3, 2010) (granting motion to dismiss complaint that merely recited legal elements of piercing the corporate veil).

Moreover, the sole paragraph regarding veil-piercing is pleaded "upon information and belief." Although the *Twombly* plausibility standard does not foreclose a plaintiff from "pleading

facts alleged 'upon information and belief,'" the belief must still be based on factual information that renders the inference plausible. *See Iqbal*, 556 U.S. at 678. Here, all the allegations relating to piercing the corporate veil are alleged "upon information and belief" and as argued above, merely recite the legal factors courts consider in determining whether to pierce the corporate veil under Kansas law. Not one "fact" relating to veil-piercing is pleaded without relying on the phrase "upon information and belief." As the Supreme Court articulated in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). Given all the allegations pertinent to Plaintiff's veil-piercing claim are pleaded on information and belief, Plaintiff has failed to show that she is entitled to the relief requested.

Finally, Plaintiff fails to establish that she is entitled to pierce the corporate veil based on the "second, less-developed theory for disregarding the corporate entity" based on "some injustice or inequity that would result from maintaining the legal fiction of separate entities." *Louisburg Bldg. & Dev. Co. v. Albright*, 45 Kan. App. 2d 618, 634, 252 P.3d 597, 610 (2011). Plaintiff does not plead any allegations that would support piercing the corporate veil because of injustice or inequity. For instance, there is no allegation that proceeding against the corporation alone "would work a fraud or injustice on the plaintiff." *Ireland v. Dodson*, 704 F. Supp. 2d 1128, 1139 (D. Kan. 2010). Consequently, Plaintiff's claim also fails on this second basis for veil-piercing.

**III.   Conclusion.**

Plaintiff's single paragraph regarding allegations pertinent to the owners sued in their personal capacity fails to state a valid claim for relief under Rule 12(b)(6). Plaintiff relies solely

"upon information and belief" and merely states the factors Kansas courts consider when determining if the corporate veil warrants piercing. Kansas law mandates that this extraordinary remedy should be applied cautiously. Given the thin amount of factual detail provided by Plaintiff in support of her veil-piercing claim, dismissal is warranted.

WHEREFORE Defendant William Porter respectfully requests dismissal of any claim asserted against him in Plaintiff's First Amended Complaint, and for further and other relief as the Court deems just and equitable.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN

*s/ Richard F. Lombardo*
| | |
|---|---|
| Richard F. Lombardo | #22326 |
| Rachael D. Longhofer | #25451 |

2001 Wyandotte Street
Kansas City, MO  64108
(816) 931-0500
(816) 931-5775 – Fax
rlombardo@sls-law.com
rlonghofer@sls-law.com
ATTORNEYS FOR DEFENDANT WILLIAM PORTER

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing on the 1st day of April, 2020, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                *s/ Richard F. Lombardo*
                Attorney for Defendant William Porter