IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| KELLI BARGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-CV-02035-DDC-GEB |
| | ) |
| O'MALLEY'S INC., et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT THE ESTATE OF MICHAEL TROUTE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendant Estate of Michael Troute, by and through undersigned counsel and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

1.     The allegations contain in Paragraph 1 of Plaintiff's First Amended Complaint constitute a legal conclusion and, therefore, require no answer.  To the extent an answer is deemed required, Defendant Estate of Michael Troute denies the allegations contained in Paragraph 1.

2.     Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies the same.

3.     Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint and, therefore, denies the same.

4.     The allegations in Paragraph 4 concern other defendants and Defendant lacks sufficient information to admit or deny any other allegations in Paragraph 4 and, therefore, denies the same.

1

5. The allegations in Paragraph 5 concern other defendants and Defendant lacks sufficient information to admit or deny any other allegations in Paragraph 5 and, therefore, denies the same.

6. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies the same.

7. Admit.

8. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint and, therefore, denies the same.

9. Denied.

## BACKGROUND ALLEGATIONS

10. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint and, therefore, denies the same.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint and, therefore, denies the same.

19. Denied.

20. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint and, therefore, denies the same.

21. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same.

22. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same.

23. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint and, therefore, denies the same.

24. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint and, therefore, denies the same.

25. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint and, therefore, denies the same.

26. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint and, therefore, denies the same.

27. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint and, therefore, denies the same.

28. Defendant Estate of Michael Troute admits that the bathroom was cleaned prior to the arrival of police and before its employees knew about the incident involving Plaintiff, in accordance with its usual protocol and procedure for closing the bar each night.

29. Defendant Estate of Michael Troute is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint and, therefore, denies the same.

30. Denied.

31. Denied, including all subparts.

32. Denied.

33. Denied.

34. Denied.

## COUNT I: NEGLIGENCE—PREMISES LIABILITY

35. Defendant Estate of Michael Troute incorporates its responses to the allegations contained in Paragraphs 1-34 as if fully set forth herein.

36. The allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint constitute a legal conclusion and therefore requires no answer. To the extent an answer is deemed required, Defendant Estate of Michael Troute denies the allegations contained in Paragraph 36.

37. Denied.

38. Denied.

39. The allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint constitute a legal conclusion and therefore requires no answer. To the extent an answer is deemed required, Defendant Estate of Michael Troute denies the allegations contained in Paragraph 39.

40. Denied.

41. The allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint constitute a legal conclusion and therefore requires no answer. To the extent an answer is deemed required, Defendant Estate of Michael Troute denies the allegations contained in Paragraph 41.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. The allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint constitute a legal conclusion and therefore requires no answer. To the extent an answer is deemed required, Defendant Estate of Michael Troute denies the allegations contained in Paragraph 47.

48. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant Estate of Michael Troute denies each and every allegation not specifically admitted herein.

2. Defendant Estate of Michael Troute further answers by stating Plaintiff's Complaints fails to allege a claim for which relief may be granted as further articulated in its Motion to Dismiss.

3. Defendant Estate of Michael Troute further answers by stating that the allegations and averments contained in the First Amended Complaint fail to state a claim against it upon which relief can be granted.

4. Defendant Estate of Michael Troute further answers by alleging that Plaintiff's damages, if any, are limited, barred or reduced by the comparative fault of others pursuant to K.S.A. 60-258a, including but not limited to Plaintiff's negligence and the negligence of non-parties whose fault should be compared.

5. Defendant Estate of Michael Troute further answers by alleging that Plaintiff has failed to mitigate her damages.

6. Defendant Estate of Michael Troute further answers by alleging that Plaintiff's damages, if any, are limited or barred by the statute including not limited to K.S.A. 60-19a02.

7. Defendant Estate of Michael Troute further answers by alleging that Plaintiff's damages, if any, were directly or proximately caused by superseding or intervening causes.

8. Defendant Estate of Michael Troute further answers by stating that the incident forming the basis of Plaintiff's claims was not foreseeable, thereby barring Plaintiff's recovery herein.

9. Defendant Estate of Michael Troute reserves the right to assert additional defenses revealed during the course of discovery.

**DESIGNATION OF PLACE OF TRIAL**

Defendant Estate of Michael Troute designates Topeka, Kansas as the place of trial.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Estate of Michael Troute prays that Plaintiff takes nothing by this action, for its costs in responses and for such other and further relief as the Court deems just and proper.

**KNIGHT NICASTRO MACKAY LLC**

/s/ Derek H. MacKay
Derek H. MacKay                              KS#23213
304 West 10th Street
Kansas City, MO 64105
Telephone: (816) 708-0105
Facsimile: (816) 396-6233
Email: mackay@knightnicastro.com
**ATTORNEY FOR DEFENDANT ESTATE OF MICHAEL TROUTE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2020, I electronically filed the above and foregoing using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Derek H. MacKay