IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KELLI BARGE,**             )
                              )
            **Plaintiff,**      )
                              )
**v.**                         )    **Case No.:  20-2035-DDC-GEB**
                              )
**O'MALLEY'S INC., et al.,**    )
                              )
            **Defendants.**   )
_____)

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants' Motion to Designate Topeka, Kansas as the Place of Trial (**ECF No. 48**).  After review of Defendants' motion and all related briefing (Pl.'s Opposition, ECF No. 49; Defs.' Reply, ECF No. 50), the Court is now prepared to rule.  For the reasons stated below, Defendants' Motion to Designate Topeka, Kansas as the Place of Trial (ECF No. 48) is **GRANTED**.

## I.    Background[1]

Plaintiff Kelli Barge filed this personal injury lawsuit in January 2020, asserting premises liability claims under Kansas law against defendants O'Malley's Inc. and William Porter.[2]  Plaintiff claims Defendants' actions and inactions resulted in her being sexually

---

[1] The information in this section is taken from the Second and Third Amended Complaints and related Answers filed up to the date of this opinion (*see* ECF Nos. 29, 30, 31, 32, 61) and the parties' Planning Report and briefs.  This background information should not be construed as judicial findings or factual determinations.

[2] Plaintiff's initial Complaint included two additional defendants, Michael Troute and the Estate of Michael Troute. (ECF No. 1.)  Both defendants were eventually dismissed from the case through an amendment to the pleadings and a Stipulation of Dismissal. (*See* First Am. Compl., ECF No. 3; Stipulation, ECF No. 33).

assaulted while she was a patron of Defendants' bar and restaurant, located in Manhattan, Riley County, Kansas.  Defendants generally deny Plaintiff's claims.

A Scheduling Order was entered in this matter on July 14, 2020, and aside from minor modifications to certain deadlines, this matter is proceeding with discovery as scheduled.  (*See* Scheduling Order, ECF No. 45; Order Amending Schedule, ECF No. 47; Order extending mediation deadline, ECF No. 60.)

## II.     Defendants' Motion to Designate Topeka, Kansas as Place of Trial (ECF No. 48)

In her Complaint, Plaintiff designated Kansas City, Kansas as the place of trial. (ECF No. 1). In their initial Answer, Defendants counter-designated Topeka, Kansas as place of trial (Answer, ECF No. 10) and later filed the subject Motion seeking to formally move the trial to Topeka.  (ECF No. 48)

Defendants contend there is no connection to Kansas City in this case.  Plaintiff resides in Texas and mentions nothing about Kansas City in her pleadings.  Additionally, of the 27 witnesses identified in Plaintiff's initial disclosures, none of them are identified as living in the Kansas City area.  Many of her identified witnesses are located in the Manhattan, Kansas area, and none—aside from herself—are located out of state.  Of Defendants' 21 identified witnesses, only one resides in the Kansas City area.  Between Plaintiff and Defendants' more than 30 combined disclosed witnesses, only one resides in the Kansas City area and at least 15 reside in Riley and Geary Counties, west of Topeka, Kansas. And, if the trial is held in Topeka, the witnesses in Riley and Geary Counties and the witness located in the Kansas City area will all be within the Court's subpoena powers.

However, if the trial is held in Kansas City, Defendants argue many of the witnesses will be outside the Court's 100-mile subpoena power under Fed. R. Civ. P. 45, because Manhattan is 119 miles west of the Kansas City, Kansas federal courthouse.  (Defs.' Motion, ECF No. 48.)

Additionally, Defendants argue many of its witnesses plan to testify in person, making Kansas City substantially inconvenient.  Defendants also intend to ask the Court to permit the jury to view the O'Malley's bar itself; which also makes Topeka much more convenient.  Finally, Defendants contend Topeka is a fair location for all parties, as no party is located in Topeka and there should be no bias for or against any party. (*Id.*)

Plaintiff contends her choice of trial in Kansas City should be given great weight. Her parents reside in Johnson County, Kansas—a large county in the Kansas City metropolitan area.  Additionally, her expert witness resides in the Kansas City area, and counsel for all parties have offices in Kansas City.  Plaintiff contends Kansas City is more convenient for her, as she will have to travel by plane and fly into the Kansas City airport for trial.  Plaintiff argues no witnesses reside in Topeka, and cites two District of Kansas opinions[3] where the court declined to transfer trial to a location where no party resided.  In one case, the court denied a move of trial from Kansas City to Topeka, finding "The court is not persuaded that requiring the parties and witnesses to drive an additional sixty miles

---

[3] Pl.'s Response, ECF No. 49 at 2-3, citing *Dow Chemical Corp. v. Weevil-Cide Co., Inc*., 630 F. Supp. 125, 130 (D. Kan. 1986), *Agustonelli v. Springer*, No. 03-2025 GTV, 2004 WL 825300 (D. Kan. April 14, 2004).

for trial justifies a change in venue." (Pl.'s Resp., ECF No. 49 at 2-3, citing *Agustonelli v. Springer*.[4])

Plaintiff argues the sources of proof are in Kansas City, including her expert witness. Although a trip to the defendants' bar would be interesting, she contends it would be "likely of little relevance if the bar has not installed all of the missing safety features that were lacking at the time of Plaintiff's sexual assault." (ECF No. 49 at 3.)  None of the witnesses live in Topeka, so she argues the accessibility of witnesses should weigh in favor of her choice of location.  Finally, Plaintiff contends forcing counsel to travel back and forth from Kansas City to Topeka every day for trial would not make the trial easy, expeditious or economical. (*Id.*)  Because Defendants bear the burden to demonstrate the trial should be moved, Plaintiff contends they have not done so, and her choice of forum in Kansas City should remain.

## A.     Legal Standard

Although the parties are required to designate a place of trial in their pleadings, D. Kan. Rule 40.2(e) makes clear the Court is not bound by the parties' requests regarding place of trial, and may determine the place of trial upon motion by any party.[5]  The district court has broad discretion to decide the location of trial "based on a case-by-case review of convenience and fairness."[6]

---

[4] *Agustonelli v. Springer*, No. 03-2025 GTV, 2004 WL 825300, at *1 (D. Kan. Apr. 14, 2004).
[5] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (citing D. Kan. Rule 40.2).
[6] *Id.* (citing *Twigg v. Hawker Beechcraft Corp.,* 2009 WL 1044942, at * 1–2 (D. Kan. Apr. 20, 2009) (noting the "courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)").

When determining the place of trial, the relevant factors to consider are: (1) Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[7]

"It is the moving party's burden to show that the designated forum is inconvenient."[8]  "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."  However, when "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[9]

## B.   Discussion

The Court applies all relevant factors in its analysis.

### 1.   Plaintiff's Choice of Forum

Regarding the first factor, Plaintiff admittedly lives out of state, and not in her chosen forum.  Though a plaintiff's chosen trial setting is generally not disturbed,[10] Plaintiff ignores settled authority from this District finding a plaintiff's choice of forum is

---

[7] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue) (citing *Lopez-Aguirre*, 2014 WL 853748, at *1; *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).

[8] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[9] *Bright*, 2018 WL 398450, at *2 (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007)  (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006))).  *See also Lopez-Aguirre*, 2014 WL 853748 at *1-2 (citing *Twigg*, 2009 WL 1044942, at * 1–2) (noting "because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.")

[10] *See Roberts v. Sedgwick County Sheriff's Dep't,* No. 02–2337–JWL, 2004 WL 726822, at*1 (D. Kan. April 2, 2004) (citing *Wiggans,* 2002 WL 731701, at *1 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 265–66 (1981)).

given reduced weight when the plaintiff does not reside there.[11]  Although Plaintiff's choice remains a factor, the Court gives it less deference considering she does not reside there, and finds it is of no more weight than any of the other factors considered.

This is especially so because the connections of this case to Kansas City are relatively unrelated to the lawsuit itself.[12] In addition to the reduced weight afforded Plaintiff's choice when she does not live there, courts in this District have given little weight to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[13]  Here, there are no connections between the facts of this lawsuit—where all events occurred in Manhattan, Kansas—and Kansas City.

The handful of connections between this lawsuit and Kansas City do not arise from the impetus of the case: 1) Plaintiff's parents live in the Kansas City area; 2) Plaintiff will fly there to attend trial; 3) all counsel have offices there; 4) Plaintiff's expert witness is located there, and 5) one potential fact witness resides in the area.  Although these are no doubt connections to the court proceeding, they are not connections to the underlying facts giving rise to the suit.

---

[11] *See supra* note 9.  *See also  Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (finding "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight").

[12] *Lopez-Aguirre*, 2014 WL 853748, at *2 (citing *Twigg,* 2009 WL 1044942, at *2 (internal quotation and citations omitted).

[13] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Cook*, 816 F. Supp. at 669).

Because Plaintiff does not reside in her chosen forum, and the connections to the chosen forum are not related to the facts which were the source of the lawsuit, the Court finds this factor weighs in favor of transfer.[14]

### 2.    Convenience for Witnesses

The next factor, the convenience of the forum for non-party witnesses, is "the most important factor to be considered."[15]  As the party seeking to move the location of trial, Defendants "must establish that [Kansas City,] the proposed forum, is 'substantially inconvenient,' meaning that 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.'"[16]  To do so, Defendants must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[17]

Because this case is early in the discovery phase, it is difficult for the Court and the parties to fully ascertain the location of all potential witnesses and their willingness to appear at trial without compulsory process.  Plaintiff's initial disclosures contain no

---

[14] *See, e.g., McDermed*, 2014 WL 6819407, at *2 (noting the plaintiff lived in Topeka, the underlying facts occurred in Topeka, and the defendant was located in Topeka; therefore finding "this factor weighs in favor of transfer.")

[15] *See Meek v. Associates, Inc. v. First Union Ins. Group*, 2001 WL 58839, at *1 (D. Kan. 2001) ("Convenience of the non-party witnesses is the most important factor to be considered") (citing *Cook,* 816 F. Supp. at 669).  *See also McDermed*, 2014 WL 6819407, at *2 ("the convenience of witnesses is the most important factor") (also citing *Cook*).

[16] *LeTourneau, v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015)).

[17] *Id.* (quoting *McDermed*, 2014 WL 6819407, at *2 (internal quotation marks and other citations omitted)).

addresses, and many of Defendants' potential witnesses are noted as "address unknown."[18]
But Defendants' briefing—which Plaintiff does not deny in her own briefing—indicates
between all parties' combined 33 potential fact witnesses, only one resides in the Kansas
City area and at least 15 witnesses reside in Riley and Geary Counties, Kansas.  (ECF Nos.
48, 50.)

The Court takes judicial notice that Manhattan, Kansas is in Riley County, roughly
58 miles west of Topeka, Kansas, with Geary County located directly southwest of Riley
County and a similar distance from Topeka.   The Kansas City, Kansas federal courthouse
is 61 miles east of the Topeka courthouse, approximately 119 miles east of Manhattan.
Those witnesses in Geary or Riley counties would travel an additional 61 miles (or
approximately 53 minutes according to Google Maps)[19] each way to reach the Kansas City
courthouse.

Plaintiff minimizes the potential additional cost and burden on the multiple non-
party witnesses by noting Defendants' argument "rests on 53 minutes of drive time for
witnesses identified so far in Rule 26(a) disclosures." (ECF No. 49 at 2.)  She focuses on
the convenience to herself, counsel, and her designated expert rather than the convenience
to the non-party witnesses. (*Id.*)  And, although Plaintiff cites a District of Kansas opinion[20]
wherein the Court found the additional sixty miles of travel between Topeka and Kansas

---

[18] Both parties' Rule 26(a)(1) Initial Disclosures were provided to the undersigned in July 2020 in
advance of the scheduling conference and are maintained in the chambers file.
[19] https://www.google.com/maps/dir/444+Southeast+Quincy+Street,+Topeka,+KS/500+State+Av
e,+Kansas+City,+KS+66101.
[20] *Agustonelli v. Springer*, No. 03-2025 GTV, 2004 WL 825300, at *8 (D. Kan. Apr. 14, 2004).

City did not justify a change in venue, this Court finds that opinion distinguishable. In that nonbinding case, the court primarily analyzed the case on a summary judgment motion, gave minimal analysis to the place of trial issue, and failed to note the reduced weight given when the plaintiff does not live in the chosen forum.[21]

While it is true many of the currently-proposed witnesses may not ultimately testify at trial, it is evident a majority of witnesses—particularly Plaintiff's own proposed witnesses—live closer to the Topeka courthouse.  As it stands, at least half of the proposed witnesses reside in the greater Manhattan area, including Geary and Riley counties.  If the trial were to be held in Kansas City, it would force each potential witness to travel nearly an additional two hours (one hour each way) to testify, which requires the witnesses to miss additional work and requires the parties to incur additional fees.  For these reasons, the Court finds the convenience to witnesses weighs heavily in favor of transfer.

### 3.      Accessibility of Witnesses and Other Sources of Proof

Although Plaintiff argues the sources of proof are in Kansas City, she names none aside from her expert witness.  However, in its analysis of place of trial, the Court gives little weight to the convenience of experts, as they are generally paid for their time.[22]

The Court recognizes it is too early in this litigation to determine whether the trial court would permit the jurors to travel to the location of the incident at issue and gives this

---

[21] *Agustonelli*, 2004 WL 825300, at *8.

[22] *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *2 (D. Kan. Sept. 11, 2018) ("The Court gives no weight to the convenience of experts, who typically are paid for their time"); *see also ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *2 (D. Kan. Aug. 30, 2018) (noting "the Court is not as concerned about the convenience for paid experts") (citing *Lopez-Aguirre*, 2014 WL 853748, at *2).

request lesser consideration. But there is no question this case involves an incident which occurred in Manhattan, Kansas, and the business operations of a current Manhattan business.  Frankly, this Court sees no sources of proof which tie this case to the Kansas City area, whereas the sources of proof are significantly closer to Topeka.

In addition to the additional fees and time involved, as discussed above, not only is Topeka more convenient for the non-party witnesses, it brings nearly all projected witnesses within the 100-mile range of the subpoena powers of the Court,[23] including both the witnesses in the Manhattan area and the witness in the Kansas City area.  Conversely, a trial in Kansas City could leave a significant number of witnesses outside the range of Rule 45's subpoena power.  For these reasons, the Court finds this factor weighs in favor of transfer.

### 4.      Possibility of Obtaining a Fair Trial

Plaintiff considers this factor to be neutral and neither party argues either location is more or less fair than the other.  Therefore, this factor is neutral to the analysis.

### 5.      Other Practical Considerations

The final factor reviewed by the Court includes ""all other practical considerations that make a trial easy, expeditious, and economical."[24]  As discussed above, traveling to Topeka would be quicker and more economical for at least half the witnesses.  As for other

---

[23] Fed. R. Civ. P. 45(c) (noting "a subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person.").
[24] *Escalante*, 2018 WL 4341268, at *3 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

practical considerations, Plaintiff's sole argument is requiring counsel to drive back and forth from Kansas City to Topeka each day of trial would not be easy, expeditious or economical.  (ECF No. 49 at 3.)  However, the Court views the location of counsel as less important to the analysis, as have many other courts in this District.[25]

Therefore, considerations which make a trial easy and economical weigh in favor of a trial in Topeka.

### C.      Conclusion

The burden lies with Defendants to establish Kansas City is substantially inconvenient, for the location of trial to be moved.  As described above, the Court finds Plaintiff's choice of forum is given little weight, considering she does not reside there and Kansas City has no connection to the underlying facts of the case.  Additionally, the most important factor—the convenience to non-party witnesses—weighs heavily in favor of transfer.  The majority of witnesses and proof are much closer to Topeka, and no party argues a fair trial cannot be obtained in either location.  The location of counsel and paid experts are of little significance.  Based on the above, the Court **GRANTS** Defendants' motion (ECF No. 48) for Topeka, Kansas to be the designated place of trial.

---

[25] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 121118, at *3 (D. Kan. Jan. 7, 2019) ("our court usually gives the convenience of counsel 'little if any weight'") (quoting *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); also citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D.  Kan.  Apr. 19, 2007); but comparing *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) ("[T]he fact that counsel both for [defendant] and for plaintiffs have their offices in the Kansas City area weighs against the requested transfer.").

**IT IS THEREFORE ORDERED** that the trial of this matter shall take place in Topeka, Kansas.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of December 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge