**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KELLI BARGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 20-CV-02035-DDC-GEB** |
| ) | |
| **O'MALLEY'S INC. and** ) | |
| **WLLIAM PORTER,** ) | |
| ) | |
| **Defendants.** ) | |

_____ )

<u>**MEMORANDUM AND ORDER**</u>

The matter comes before the Court on Defendants, O'Malley's Inc.'s and William Porter's, Motion for Independent Mental Examination Pursuant to Rule 35 (ECF. No. 82). On February 24, 2021, the Court conducted a motion hearing. After careful consideration of all briefing[1] and hearing arguments from counsel, the Court orally SUSTAINED Defendants' motion. This Order memorializes the Court's rulings from the hearing.

## I.    Background[2]

In February of 2018, Plaintiff was a patron of the bar in Manhattan, Kansas commonly known as "O'Malley's," which is owned and operated by Defendants. She was attacked and sexually assaulted in the bathroom at O'Malley's, and she brought this negligence action against Defendants based on premises liability. Plaintiff's claims for

---

[1] The Court did not consider Defendants' Reply as the Court had advised the parties no reply was necessary.

[2] Unless otherwise noted, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as either judicial findings or factual determinations.

damages include serious physical injury, pain and suffering, devastating emotional distress, past and future medical expenses, out of pocket expenses, and diminished earning capacity.

The parties agree Plaintiff placed her mental condition at issue by seeking recovery for devastating emotional distress.[3] Additionally, the parties agree there is good cause for Plaintiff to submit to a Rule 35 mental examination.[4] Through discovery, and pursuant to Fed. R. Civ. P. 35, Defendants filed a motion for independent examination setting out the parameters of the examination. Plaintiff objects in part. The motion is fully briefed, and as noted above, has been argued to the Court.[5]

## II.   Defendants' Motion for Independent Mental Examination Pursuant to Rule 35 (ECF No. 82)

Defendants arranged for Plaintiff to undergo a mental examination by Dr. Christine Ann Durrett, ABPP, a board-certified neuropsychologist, at her office in Manhattan, Kansas without conditions. Prior to appearing before the Court for oral argument, the parties reached agreements on a majority of Plaintiff's proposed conditions. Thus, the remaining issues for the Court to consider are: 1) whether Defendants must disclose the tests the examiner would conduct prior to the examination; and 2) whether the examination would be audiotaped.

---

[3] ECF No. 83 at 1-2; ECF No. 85 at 1.
[4] ECF No. 83 at 2-3; ECF No. 85 at 1.
[5] ECF Nos. 82 & 85.

**A.     Parties' Arguments**

**1.     Plaintiff's Position**

To put this matter into context, Plaintiff initially set several conditions on her agreement to participate in the examination which required: 1) Defendants to provide the time, place, manner, conditions, and scope of the exam, as well as the person conducting the exam at least 14 days prior to the exam, with the additional caveat that as part of the scope of disclosure, Defendants disclose what tests the examiner would be performing; 2) the examination be audiotaped; 3) any written questionnaire not be specifically crafted for Plaintiff or with the assistance of counsel/that it only be what the expert would normally use in his/her practice; 4) any examination be limited to four hours; and 5) the examination take place in Kansas City because it would be more convenient for Plaintiff.[6]

Plaintiff argues Defendants' motion for a court-ordered mental examination should be denied for its failure to provide adequate details regarding the examination,[7] and the District has previously held disclosure of "a list of the possible tests" prior to the examination is appropriate.[8] She additionally argues audiotaping the examination would incentivize "neutrality and fidelity in the questioning of plaintiff and the recounting of her answers;"[9] and District Courts, in their discretion, previously permitted taping of mental and physical examinations.[10]

---

[6] ECF No. 83 at 4.
[7] ECF No. 85 at 2.
[8] *Id.*
[9] *Id.* at 4.
[10] *Id.* at 5.

### 2.    Defendants' Position

Defendants argue the examiner, Dr. Durrett, "does not like to commit to a certain set of tests because as the interview proceeds, she may determine one test would be better than another," and Plaintiff cannot show *good cause* (emphasis added) for prior disclosure of the tests to be performed.[11] Regarding audiotaping the exam, Defendants again argue Plaintiff has not shown *good cause* (emphasis added) as to why the examination should be audiotaped.[12]  Defendants concern in this regard centers around the presence of a recorder influencing Plaintiff to exaggerate or diminish her responses during the exam.[13]

### B.    Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute" unless counsel have "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. Given the parties resolution of a majority of the proposed conditions prior to the oral argument, the Court finds the parties have sufficiently conferred within the spirit of D. Kan. Rule 37.2.

### C.    Analysis

Fed. R. Civ. P. 35 provides a court discretion to order a party 'to submit to a physical or mental examination by a suitably licensed or certified examiner.'[14] Rule 35 "shall be liberally construed in favor of granting discovery."[15]

---

[11] ECF No. 83 at 5-6.
[12] *Id.* at 7.
[13] *Id.* at 9.
[14] *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 623 (D. Kan. 1999).
[15] *Jones v Greyhound Lines, Inc.*, No. 08-1185, 2009 WL 1650264, *3 (D. Kan. June 12, 2009).

Pursuant to Rule 35, an order to compel an Independent Medical Examination (IME,) "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."[16] Parties seeking a Rule 35 exam should provide the necessary details or risk denial of their motion.[17] When ordering a mental examination, the court "assumes the selected physician will conduct the examination in an ethical and professional manner."[18]

Where a party asks for conditions on a mental or physical examination, they must demonstrate good cause under Fed. R. Civ. P. 26(c).[19] To establish good cause, a party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[20]

### 1.  Prior Disclosure of Tests to be Conducted

In a prior opinion from this District, *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D. Kan. 1999), Judge Rushfelt considered a Motion for Mental Examination Pursuant to Fed. R. Civ. P. 35 like the one here. There, he concluded defendant appropriately set out the scope of the examination where it requested a "psychiatric evaluation of plaintiff as to her claims of emotional distress."[21] It was also determined the request provided sufficient details in compliance with Rule 35 because the

---

[16] *Fed. R. Civ. P. 35(a).*
[17] *Hertenstein* at 623.
[18] *Id.* See also *Jones* at *5.
[19] *Hertenstein* at 624.
[20] *Id.* citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).
[21] *Hertenstein* at 624.

time, place, and duration of the evaluation were specified, and the doctor conducting the evaluation was also identified.[22]

Defendants, in their initial correspondence with Plaintiff, advised they wanted to proceed with a "mental status examination" of Plaintiff.[23] And, they set out the name of the examiner, Christine Ann Durrett, ABPP, as well as the name of the examiner's practice, and its location in Manhattan, Kansas.[24] The parties agreed the examination would take place on February 26, 2021 at 10:00 a.m.[25]

Initially, and without consulting with Dr. Durrett, Defendants agreed to provide a list of tests Dr. Durrett would conduct in advance of the examination.[26] But, when Defendants inquired of Dr. Durrett, she advised she used "multiple standardized tests" commonly used in psychiatry."[27] But, until she first has an opportunity to speak with the patient, she could not commit to specific tests to be used. Dr. Durrett reasoned as the interview proceeds, "she may determine that one test would be better than another."[28]

Plaintiff also conditioned the examination on Dr. Durrett not using a questionnaire "specifically crafted for Plaintiff or with the assistance of counsel."[29] Instead, using only "what the expert would normally use."[30] Defendants agreed to the condition, noting Dr.

---

[22] *Id.*
[23] ECF No. 83-4 at 4-5.
[24] *Id.*
[25] ECF No. 83-5 at 1; ECF No. 83 at 3.
[26] ECF No. 83-5 at 2.
[27] ECF No. 83-5 at 1.
[28] *Id.*
[29] *Id.* at 2.
[30] *Id.*

Durrett "should perform the exam in the way she sees fit based on her training and experience."[31]

Plaintiff argues Defendants have not provided the manner, conditions, and scope of the examination, as required by Rule 35, and prior disclosure of the tests to be conducted is necessary as a result. The Court disagrees. Defendants provided sufficient details regarding the examination in compliance with Rule 35. Considering the doctor indicated she needs the freedom to determine which test commonly used in psychiatry would be best based on the interview with Plaintiff, and Plaintiff made no argument for prior disclosure of the tests, beyond alleging Defendants have failed to provide sufficient details regarding the examination, the Court finds Plaintiff has not demonstrated good cause for the condition of prior disclosure of the tests to be conducted.

## 2. Audiotaping the Examination

Plaintiff also sought to condition her participation in the Rule 35 examination on Dr. Durrett audiotaping it. She believes audiotaping the examination session will "incentivize a neutrality and fidelity in the questioning of plaintiff and the recounting of her answers."[32] But Defendants are concerned the presence of a recorder may influence Plaintiff to exaggerate or diminish her responses during the exam.[33] The Court finds Judge Rushfelt's decision in *Hertenstein* directly on point regarding this issue. Whether the court allows a third person or a recorder to be present in a mental or physical examination

---

[31] *Id.*
[32] ECF No. 85 at 4.
[33] ECF No. 83 at 9.

depends on the facts of the case.[34] At the time *Hertenstein* was decided, there were no cases in the District which addressed recording of a mental or physical exam. The District previously decided counsel had no right to attend such an examination and declined to permit counsel, in the absence of evidence, the physician at issue "would engage in any improper questioning of the plaintiff."[35] Judge Rushfelt extended *Dodd-Anderson* to apply to recording a mental or physical examination under Rule 35.[36]

Judge Rushfelt, in *Hertenstein,* found the presence of a recording device "might invalidate the results of the mental health examination, while destroying the 'level playing field' contemplated by Rule 35;" "inject a greater degree of the adversarial process into an evaluation that was intended to be neutral;" and was "generally inconsistent with the underlying purposes of such an examination."[37]

Plaintiff cites cases where the court permitted taping of either mental or physical examinations,[38] but those cases are factually different than this case. In *Greenhorn*, there was evidence improper questions would be asked. In that case, the plaintiff provided evidence through court records in other cases suggesting the psychiatrist was abusive, had ignored court orders setting conditions on the examination, and had been disqualified for

---

[34] *Hertenstein* at 630.
[35] *Dodd-Anderson v. Stevens*, Nos. 92-1015-MLB and 92-1016-MLB, 1993 WL 273373, *2 (D. Kan. May 4, 1993).
[36] *Hertenstein* at 629.
[37] *Id.* at 630-31.
[38] *Rowan v. Sunflower Electric Power Corp.,* No. 15-9227-JWL-TJJ, 2016 WL 5109946 (D. Kan. Sept. 20, 2016); *Maldonado v. Union Pacific Railroad Co.,* No. 09-1187-EFM, 2011 WL 841432 (D. Kan. Oct. 26, 2011) (videotaping) and *Greenhorn v. Marriott Intern.*, 216 F.R.D. 649 (D. Kan. 2003) (audiotaping).

further participation in those cases.[39] The other two cases, *Rowan and Maldonado,* involved issues where  good cause was also shown to support taping the mental or physical examination. In *Rowan*, the plaintiff suffered from "non-obvious brain damage," with memory and cognitive problems.[40] And in *Maldonado*, plaintiff was involved in a train accident and suffered, among other injuries, a traumatic brain injury. Also, plaintiff in the *Maldonado* case did not speak English, had a third-grade education, needed a translator, and was going to be returning to Honduras, thus unavailable a trial.[41]  The cases cited by Plaintiff are significantly distinguishable than the present situation.

Here, Plaintiff neither alleges anything to suggest any impropriety on the part of Dr. Durrett, nor does Plaintiff allege additional issues which would support a finding of good cause for recording the examination. As such, the Court finds Plaintiff has not demonstrated good cause to audiotape Plaintiff's examination.

III.    **Conclusion**

Based on the foregoing, the Court finds Defendants provided sufficient details regarding the particulars and scope of the examination to comply with Rule 35; and Plaintiff has not made a showing of good cause to support the conditions of either prior disclosure of the tests to be conducted or audiotaping the examination.

**THEREFORE**, Defendants' Motion for Independent Mental Examination Pursuant to Rule 35 (**ECF No. 82**) is **SUSTAINED** for the reasons set forth above.

---

[39] *Greenhorn* at 652.
[40] *Rowan* at *2.
[41] *Maldonado* at *1.

**IT IS SO ORDERED**.

Dated March 11, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge